Thomas P. Scrivo
O'TOOLE SCRIVO LLC
14 Village Park Road
Cedar Grove, NJ 07009
Telephone: (973) 559-9900
tscrivo@oslaw.com

Dale M. Cendali (*pro hac vice* forthcoming)
Johanna Schmitt (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
johanna.schmitt@kirkland.com

Allison W. Buchner (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
allison.buchner@kirkland.com

*Attorneys for Plaintiff Hello Products, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELLO PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNCONDITIONAL LOVE INC.,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Hello Products, LLC ("Hello") brings this Complaint against Unconditional Love Inc. ("Defendant") for trademark infringement under federal and state law, unfair competition under federal and state law, and false designation of origin under federal law, and alleges as follows:

## NATURE OF THE ACTION

1.     Hello brings this action to enjoin Defendant's infringement of Hello's distinct and well-known HELLO trademarks and brand name in order to protect consumers from being confused. Hello is a successful company that makes thoughtful, responsibly-sourced and cruelty-free oral and personal care products, including products designed specifically for children. Hello uses "Hello" as its company name, house mark, and brand name across its entire product line, always in similar font and lowercase letters. Hello owns multiple trademark registrations for, and has acquired common law trademark rights in, its HELLO marks in connection with personal care products.

2.     In 2019, Defendant launched a line of cruelty-free personal care products for babies and children under the brand "Hello Bello," which Defendant touts as having carefully-crafted, premium ingredients. Defendant also uses other elements on its packaging to mimic Hello's logo and branding, including using a logo with "hello" featured in similar all lower-case font, and for many of its

products, with white letters written vertically down colored, tapered, pop-close
tubes, as depicted below:




3.      Defendant's use of the "Hello Bello" name for its personal care
products, and in conjunction with other Hello intellectual property and branding
elements, creates consumer confusion and association with Hello. In fact, there
have already been multiple instances of actual confusion among consumers and the
public. The parties' products are sold in the same stores and to a similar group of
consumers—those who value premium, cruelty-free products containing
responsibly-sourced and curated ingredients offered at affordable prices.

4.      Thus, Hello asserts these claims, seeking (1) injunctive relief to
protect consumers from being misled into thinking that Hello is the source of, or is
affiliated with, Defendant's products, and purchasing Defendant's products under
the mistaken belief that they are part of Hello's line of high-quality personal care

products, and (2) monetary relief to compensate Hello for the harm it has suffered, is suffering and will continue to suffer as a result of Defendant's infringement.

## PARTIES

5.      Plaintiff, Hello Products, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 363 Bloomfield Avenue, Suite 2D, Montclair, New Jersey 07042.

6.      Upon information and belief, Defendant, Unconditional Love Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 17383 Sunset Blvd., Suite B200, Pacific Palisades, California 90272.

## JURISDICTION AND VENUE

7.      This action arises under the federal Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the related laws of the State of New Jersey. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Further, this Court has supplemental jurisdiction over Hello's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to Hello's federal claims.

8.      This Court has personal jurisdiction over Defendant and venue is proper in this district pursuant to 28 U.S.C. § 1391 because Hello is located in and

is being harmed in this district, because, upon information and belief, Defendant conducts business and sells its products in this district, ships to all states in the United States, including New Jersey, and sells its products in retail establishments, including Walmart in New Jersey, and/or because the activities about which Hello complains have taken place, and are continuing to take place in this district.

## FACTUAL ALLEGATIONS

### Hello and its Cruelty-Free, Thoughtfully-Designed, and Responsibly-Sourced Products

9.      Hello sells dozens of unique personal care products for babies, toddlers, and adults, including toothpastes, mouthwashes, teething gels, and toothbrushes. As reflected by its name, "Hello" is a "naturally friendly™" company, started by a small group of entrepreneurs committed to making the world a friendlier place and seeking to develop products that utilize thoughtful, responsibly-sourced ingredients, are never tested on animals, and are sold with fun, witty and honest labeling.

10.     Since it entered the market in 2013, Hello has established a significant and loyal consumer base across the United States with annual sales of its products in the tens of millions of dollars. Hello's products are currently available in over 44,000 brick-and-mortar stores, including at CVS, Target, and Walmart, as well as through online marketplaces like Amazon, iHerb, Thrive Market, and Grove Collaborative.

11.    Hello has expended many millions of dollars over the years developing, advertising and promoting its HELLO-branded products throughout the United States.

12.    Hello's efforts have paid off. Hello has generated billions of media impressions and received extensive third-party acclaim, including features in national publications such as Glamour, Cosmopolitan, Forbes, Allure, Shape, Us Weekly, GQ, Vogue, SELF, Business Insider, BET, Family Circle, OK!, Men's Health, Women's Health and Elle, among others.

13.    Hello's products have also received numerous awards, including awards for "The Best Green Beauty of 2020," "Plastic-Free Innovation," "A-List Beauty Award," "The 42 Best Grooming Products of 2018," and "Clean Beauty Award Winner."

14.    Hello's resounding success ultimately led to its acquisition by the multinational consumer products brand, the Colgate-Palmolive Company, in January 2020. Since its inception, Hello has consistently invested in new product development and has already begun to expand beyond oral care products. Hello's collaboration with and the support of its new parent company will undoubtedly enable (and accelerate) Hello's continued geographic and product line expansion and market growth.

**Hello's Distinctive HELLO Trademarks**

15.     Hello is the owner of various trademark registrations for HELLO and other HELLO-formative marks, including U.S. Trademark Registration Nos. 5,991,883; 5,710,108; 4,408,644; 4,983,414; 5,991,533; 5,991,885; 5,710,107; 4,998,456; and 4,384,201. Hello's trademark registrations for its Hello and Hello-Formative Marks (collectively, the "HELLO Marks") are set forth below:

| Registration Number | Mark | Description |
|---|---|---|
| 5,991,883 | hello | First Use Date: 2012<br>Registration Date: February 18, 2020<br>Goods & Services: Medicated mouthwash, medicated toothpaste, medicated mouth rinse |
| 5,710,108 | hello | First Use Date: January 2019<br>Registration Date: March 26, 2019<br>Goods & Services: Dental floss |
| 4,408,644 | hello | First Use Date: March 1, 2013<br>Registration Date: September 24, 2013<br>Goods & Services: Mouthwash, breath freshener, toothpaste, non-medicated mouth rinse. |

| 4,983,414 | hello | First Use Date:  March 1, 2013<br>Registration Date:  June 21, 2016<br>Goods & Services:  Toothbrushes |
|---|---|---|
| 5,991,533 | HELLO NATURALLY HEALTHY | First Use Date: December 1, 2017<br>Registration Date:  February 18, 2020<br><br>Goods & Services:  Non-medicated mouthwash;<br>Medicated mouthwash |
| 5,991,885 | HELLO | First Use Date: 2012<br>Registration Date:  February 18, 2020<br>Goods & Services:  Medicated mouthwash, medicated toothpaste, medicated mouth rinse |
| 5,710,107 | HELLO | First Use Date:  January 1, 2019<br>Registration Date:  March 26, 2019<br>Goods & Services:  Dental Floss |
| 4,998,456 | HELLO | First Use Date:  March 1, 2013<br>Registration Date:  July 12, 2016<br>Goods & Services:  Mouthwash, breath freshening sprays, breath mints for use as a breath freshener, breath freshener, toothpaste, breath freshening confectionery, namely, breath mints, candy and gum; non-medicated mouth rinse;<br>Toothbrushes |

| 4,384,201 | HELLO | First Use Date:  March 1, 2013 Registration Date:  August 13, 2013 Goods & Services:  Mouthwash, breath mints for use as a breath freshener, breath freshener, toothpaste, breath freshening confectionery, namely, breath mints, non-medicated mouth rinse |

16.    In addition, Hello has pending trademark applications for other

HELLO and HELLO-formative marks, including the following:

| US Serial Number | Mark | Description |
| --- | --- | --- |
| 90,090,392 |  | Application Filing Date: August 3, 2020 Goods & Services: Non-medicated toothpaste, non-medicated mouthwash |
| 88,771,114 |  | Application Filing Date: January 23, 2020 Goods & Services: Lip balm; soap; deodorant, anti-perspirant; dentifrices; mouthwash; breath sprays; breath freshener; toothpaste; dissolvable breath strips and tablets; non-medicated mouth rinse; non-medicated breath freshening strips and tablets; tooth whitener, tooth whitening preparations; Articles for dental cleaning purposes; dental floss, dental floss picks for personal use; toothbrushes; electric toothbrushes; |

| US Serial Number | Mark | Description |
|---|---|---|
| | | Breath freshening mints; breath freshening gum |
| 88,657,943 | hello | <u>Application Filing Date</u>: October 17, 2019<br><u>Goods & Services</u>: Refill containers sold filled with toothpaste; non-medicated solid toothpaste tablets; non-medicated solid mouthwash tablets; deodorants and antiperspirants for personal use; Dental flossers, dental floss dispensers, heads for electric toothbrushes, heads for manual toothbrushes; Administration of a discount program for enabling participants to obtain discounts on goods and services through use of a discount membership card; Administration of a discount program for enabling participants to obtain discounts on dental and oral care goods and dental and oral care services through use of a discount membership card; Subscription-based order fulfillment services in the field of oral care products; Dental care center services |

| | | |
|---|---|---|
| 87,470,718 | **hello** | <u>Application Filing Date</u>: May 31, 2017<br><u>Goods & Services</u>: Medicated mints; medicated gum |
| 88,771,099 | HELLO | <u>Application Filing Date</u>: January 23, 2020<br><u>Goods & Services</u>: Lip balm; bar soap; anti-perspirant; breath freshening sprays; breath freshening preparations for personal hygiene; dissolvable breath strips and tablets, namely, breath freshening strips and non-medicated breath freshening tablets; non-medicated breath freshening strips and tablets; tooth whitener, namely, strips, tooth whitening preparations; deodorant for personal use, dentifrices; mouthwash, not for medical purposes; toothpaste; non-medicated mouth rinse; tooth whitener, namely, pastes, tablets and rinses; Electric toothbrushes; dental floss, dental floss picks for personal use; toothbrushes;<br>Breath freshening mints; breath freshening gum |
| 88,687,539 | HELLOBIO | <u>Application Filing Date</u>: November 11, 2019<br><u>Goods & Services</u>: Breath freshening tablets, namely, breath freshening preparations for personal hygiene |

| 88,657,952 | HELLO | Application Filing Date: October 17, 2019<br>Goods & Services: Refill containers sold filled with toothpaste; non-medicated solid toothpaste tablets; non-medicated solid mouthwash tablets; deodorants and antiperspirants for personal use; Dental flossers, dental floss dispensers, heads for electric toothbrushes, heads for manual toothbrushes; Administration of a discount program for enabling participants to obtain discounts on goods and services through use of a discount membership card; Administration of a discount program for enabling participants to obtain discounts on dental and oral care goods and dental and oral care services through use of a discount membership card; Subscription-based order fulfillment services in the field of oral care products; Dental care center services |
|---|---|---|
| 87,847,074 | HELLO NATURALLY HEALTHY | Application Filing Date: March 23, 2018<br>Goods & Services: Toothpaste |
| 87,470,712 | HELLO | Application Filing Date: May 31, 2017<br>Goods & Services: Medicated mints; medicated gum |

17.     The registrations set forth above constitute *prima facie* evidence of Hello's ownership of and exclusive rights to use the HELLO Marks in connection with the goods and services recited in the registrations.

18.     Hello also owns and has maintained common law rights to the HELLO Marks by virtue of its *bona fide* use in commerce of the mark throughout the United States.

19.     Through Hello's continuous use of the HELLO Marks since 2013 and as a result of Hello's substantial marketing and promotional efforts, the substantial sales of its HELLO-branded products, and the third party acclaim and attention Hello and its products have earned, Hello has developed a strong name and reputation among customers, and its HELLO Marks enjoy extensive goodwill and consumer recognition in the United States.

### Defendant's Use of Infringing Marks

20.     In 2019, Defendant launched a line of personal care products using the "Hello Bello" brand name, along with a logo and packaging that are confusingly similar to the HELLO Marks and Hello's branding.

21.     Defendant's Hello Bello-branded products are complementary and closely related to Hello's products, and are within the zone of natural expansion of Hello's products. Indeed, both Defendant and Hello sell personal care products, including products geared toward babies and children.

22.     Like Hello, Defendant promotes its line of personal care products as being carefully crafted with thoughtfully-chosen ingredients, friendly to the planet and never tested on animals. Defendant also touts its products (and packaging) as being fun with transparent and honest labeling. For example, Defendant says it "avoid[s] 'bad stuff,'" has "[t]houghtful [i]ngredients," prioritizes plant-based ingredients and "use[s] non-GMO, organic, and even local" ingredients.

23.     Defendant's products are currently sold online through Defendant's website (www.hellobello.com) and Amazon, as well as through national retailers, including CVS and Walmart, where Hello's products are also available.

24.     In addition to using the "Hello Bello" brand name, which is confusingly similar to the HELLO Marks, as shown in the exemplary side-by-side images in Paragraph 2, *supra*, and below, Defendant also mimics Hello's product logo and Hello's simple, but bright and fun packaging, including by using similar fonts in all lowercase lettering, often printed vertically down the product:

| **Hello's Blue Raspberry Fluoride Toothpaste for Kids** | **Defendant's Everywhere Balm** |
|---|---|
|  |  |

| **Hello's Watermelon Fluoride-Free Toothpaste for Kids** | **Defendant's Watermelon Shampoo & Body Wash for Kids** |
|---|---|
|  |  |

25.     Defendant's use of the "Hello Bello" brand name in connection with its personal care products, particularly in conjunction with a logo and packaging that are similar to that used by Hello, is likely to cause consumer confusion with Hello, its HELLO-branded products and the HELLO Marks.

### Defendant's Activities Have Caused Actual Confusion, Which Defendant Has Refused to Ameliorate, and Have Harmed Hello

26.     Defendant's infringement has already caused actual confusion among consumers and the public. Hello has received various communications indicating that consumers falsely believe its HELLO-branded products and Defendant's "Hello Bello" products are affiliated and/or associating the two because of the common names, logos, and packaging.

27.     For example, one consumer complained to Hello about one of Defendant's products, stating: "I purchased your HELLO LAVENDER SANITIZER & I can't use it the smell is horrific & actually makes me & my coworkers nauseous when/if we use it." Multiple consumers have posted on social media that they "use Hello Bello toothpaste" or mouthwash (all referring to Hello's HELLO-branded products). Another consumer posted about a negative experience with Hello's diapers, though diapers are a product that Defendant, not Hello, sells. Other consumers on social media even encouraged boycotting Hello's products after Defendant's founders made public statements regarding vaccines with which those consumers disagreed.

- 16 -

28.     Actual confusion has also occurred in press about Defendant.  For example, a USA TODAY article published on February 25, 2019, incorrectly listed one of Hello's toothpastes in a list of *Defendant's* products, as highlighted below:

**ALL THE MOMS**

## Kristen Bell, Dax Shepard debut baby product line, bore daughter with birds-and-bees talk

**Sonja Haller** USA TODAY
Published 1:04 p.m. ET Feb. 25, 2019 | Updated 2:45 p.m. ET Feb. 25, 2019

Walmart's online site sells such Hello Bello as:

- Vanilla apricot lotion (8.5 ounces) for $5.98.
- Baby wipes 3-pack (180 count) for $5.64.
- Naturally friendly natural watermelon fluoride free kids toothpaste (4.2 ounce) for $8.50.
- Fresh & Fruity patterned diapers size 4 (24 count) for $7.97.

Defendant even linked to this article on the Press page of its website, without doing anything to correct the mistake or ameliorate the confusion.



Kristen Bell, Dax Shepard debut baby product line, bore daughter with birds-and-bees talk

via USA Today

Read More

29.     In an attempt to stop the confusion occurring in the marketplace, in early 2020, Hello contacted Defendant and asked that Defendant cease use of Hello's intellectual property. Defendant refused to stop using the "Hello Bello" name or to take any action to ameliorate consumer confusion.

30.     Defendant has filed several applications to register "HELLO BELLO" as a trademark for use in connection with personal care products, including baby products, body wash, bath soaps, antibacterial hand soaps, hand sanitizers, sunblock, and skin lotions. For example, Defendant filed with the USPTO App. Ser. No. 87/953,005 to register the following stylized mark:



31.     Hello already filed Notices of Opposition against Defendant's trademark applications (Opposition Nos. 91255416 and 91256461) on the basis that there is a likelihood of confusion between Defendant's applied-for "Hello Bello" marks and the HELLO Marks. These opposition proceedings will be suspended pending final disposition of this civil action.

32.     Upon information and belief, Defendant was aware of Hello's prior rights in the HELLO Marks and other HELLO intellectual property before

selecting and using the "Hello Bello" brand name, logo, and product packaging, and has acted willfully in creating, marketing and selling its Hello Bello-branded products despite knowing full well that it had never sought, let alone obtained, authorization to use Hello's valuable intellectual property.

33.     Defendant's use of the HELLO Marks has damaged and irreparably injured Hello, and, if permitted to continue, will further damage and irreparably injure Hello, including its reputation and the goodwill associated with the HELLO Marks. Defendant's use of the HELLO Marks, particularly in combination with a logo and other branding elements that mimic HELLO-branded products, is also detrimental to the public's interest in being free from confusion as to the source, sponsorship, and/or affiliation of the parties' respective products.

## <u>COUNT I</u>

### Trademark Infringement Under Section 32(a) of the Lanham Act
### (15 U.S.C. § 1114(a))

34.     Hello repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

35.     Hello has prior rights over Defendant in and to the HELLO Marks in the United States by virtue of its use of the HELLO Marks in interstate commerce and as evidenced by Hello's federal trademark registrations, as listed in Paragraph 15.

36.     The HELLO Marks are valid, subsisting, and used in commerce.

37.     Defendant's use of the "Hello Bello" brand name is confusingly similar to Hello's HELLO Marks, and Defendant's use of a logo and other branding elements that mimic those used for HELLO-branded products further exacerbates consumer confusion.

38.     Without Hello's consent, Defendant has used, and continues to use in commerce, the HELLO Marks, as described above, in connection with the offering, sale, distribution, and advertising of personal care products, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39.     Upon information and belief, Defendant had actual and/or constructive knowledge of Hello's rights prior to using the "Hello Bello" brand name.

40.     Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful.

41.     As a direct and proximate result of the actions of Defendant alleged above, Hello has been damaged and will continue to be damaged.

42.     As a result of Defendant's acts, Hello has suffered damages in an amount to be determined.

43.     Hello has also suffered irreparable injury as a result of Defendant's aforementioned acts of infringement, and, unless Defendant's infringement is enjoined by the Court, Hello will continue to suffer irreparable harm.

44.     Hello has no adequate remedy at law and is entitled to an injunction restraining Defendant from engaging in further acts of infringement.

## COUNT II

### Trademark Infringement, False Designation of Origin and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A))

45.     Hello repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

46.     Defendant uses in commerce the "Hello Bello" brand name. Such use is confusingly similar to Hello's Registered HELLO Marks, and Defendant's use of a logo and other branding elements that mimic those used for HELLO-branded products further exacerbates consumer confusion.

47.     Defendant's actions are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the products and services and commercial activities of Defendant, and thus constitute trademark infringement, false designation of origin and unfair competition with respect to the HELLO Marks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

48.     Upon information and belief, Defendant had actual and/or constructive knowledge of Hello's rights in the HELLO Marks prior to using the "Hello Bello" brand name. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful.

49.     As a direct and proximate result of the actions of Defendant alleged above, Hello has been damaged and will continue to be damaged.

50.     As a result of Defendant's acts, Hello has suffered damages in an amount to be determined.

51.     Hello has also suffered irreparable injury as a result of Defendant's aforementioned acts of infringement, false designation of origin, and unfair competition, and, unless Defendant's infringement is enjoined by the Court, Hello will continue to suffer irreparable harm.

52.     Hello has no adequate remedy at law and is entitled to an injunction restraining Defendant from engaging in further acts of infringement, false designation of origin, and unfair competition.

## COUNT III

### Statutory Unfair Competition (N.J. Stat. Ann. § 56:4-1 *et seq.*)

53.     Hello repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

54.     By reason of the foregoing, Defendant has been, and is, engaged in unlawful, unfair, and/or fraudulent business practices in violation of N.J. Stat. Ann. § 56:4-1 *et seq*.

55.     Defendant's acts complained of herein have damaged and will continue to damage Hello irreparably and, unless restrained, will continue to damage and cause irreparable injury to Hello's goodwill and reputation. Hello has suffered damage to its goodwill and reputation in the marketplace that money cannot compensate.

56.     Pursuant to N.J. Stat. Ann. § 56:4-2, Hello is entitled to injunctive relief and recovery of all direct and indirect damages, trebled within the discretion of the court.

## COUNT IV

### Common Law Unfair Competition

57.     Hello repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

58.     By reason of the foregoing, Defendant has been, and is, engaged in acts of unfair competition in violation of the common law.

59.     Defendant's acts complained of herein have damaged and will continue to damage Hello irreparably. Hello has suffered damage to its goodwill and reputation in the marketplace that money cannot compensate.

60. Due to Defendant's actions alleged herein, Hello has no adequate remedy at law and is entitled to an injunction restraining Defendant from engaging in further acts of unfair competition.

## COUNT V

### New Jersey Common Law Trademark Infringement

61. Hello repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

62. Defendant's actions as alleged herein constitute trademark infringement in violation of New Jersey common law.

63. Defendant's use of the HELLO Marks is likely to cause consumer confusion as to whether Defendant's products originate from Hello or are associated, affiliated, or connected with or approved or sponsored by Hello. Defendant's use of logos and packaging that further mimic that used for Hello's products further exacerbates the likelihood of consumer confusion.

64. As a direct and proximate result of Defendant's wrongful acts, Hello has suffered and continues to suffer and/or is likely to suffer damages to its business reputation and goodwill. Defendant will continue to use, unless restrained, Hello's valuable HELLO Marks and will cause irreparable damage to Hello. Hello has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert

with Defendant, from engaging in further uses of the HELLO Marks or any confusingly similar variations thereof.

## **PRAYER FOR RELIEF**

WHEREFORE, Hello demands trial by jury, and respectfully prays that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. An Order declaring that Defendant's use of the HELLO Marks infringes Hello's Mark and constitutes unfair competition and unfair trade practices under federal and/or state law, as detailed above;

B. An injunction permanently enjoining Defendant and its employees, officers, directors, principals, subsidiaries, parents, affiliates, related companies, brokers, agents, and all persons in active concert or participation with it:

    (i)    From using anywhere in the United States, applying to register in the United States, or maintaining a registration in the United States for HELLO Marks, or any other trademark that is confusingly similar tos the HELLO Marks; and

    (ii)    From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Hello;

- 25 -

C. An Order directing Defendant to cancel all placement of any advertising in any media or format bearing or displaying any designs, logos, or marks that are confusingly similar to the HELLO Marks;

D. An Order directing Defendant to file with this Court and serve on Hello's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the court's injunction;

E. An Order requiring Defendant to account for and pay to Hello any and all profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition, and increasing such profits for payment to Hello in accordance with 15 U.S.C. § 1117 and other applicable laws;

F. An Order requiring Defendant to pay Hello compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, false advertising, and unfair competition, and trebling such compensatory damages for payment to Hello in accordance with 15 U.S.C. § 1117 and other applicable laws;

G. An Order requiring Defendant to pay Hello's costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

H. Other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Hello demands trial by jury in this action of all issues triable by jury in this matter.


Dated: September 11, 2020                    */s/ Thomas P. Scrivo*

Thomas P. Scrivo
O'TOOLE SCRIVO LLC
14 Village Park Road
Cedar Grove, NJ 07009
Telephone: (973) 559-9900
tscrivo@oslaw.com

Dale M. Cendali (*pro hac vice* forthcoming)
Johanna Schmitt (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
johanna.schmitt@kirkland.com

Allison W. Buchner (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
allison.buchner@kirkland.com

*Attorneys for Plaintiff*
*Hello Products, LLC*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to L. Civ. R. 11.2, the undersigned attorneys for Plaintiff, Hello Products LLC, certifies that, to the best of their knowledge, the matters in controversy in this federal action are not the subject of any other action pending in any court or of any arbitration or administrative proceeding, other than two matters currently before the Trademark Trial and Appeal Board (Opposition Nos. 91255416 and 91256461) which, upon the filing of this Complaint, will be suspended pending final disposition of this civil action, pursuant to TBMP 510.02(a).

## **CERTIFICATION OF NON-ARBITRABILITY**

Pursuant to Local Civil Rules 201.1(d)(2) and 201.1(e)(6), the undersigned attorneys for Plaintiff, Hello Products LLC, certify that this action is not eligible for arbitration under Local Civil Rule 201.1 because the relief sought in the Complaint primarily consists of a demand for preliminary and permanent injunctive relief and involves substantial issues of federal trademark law, among others.

> O'TOOLE SCRIVO LLC
> Attorneys for Plaintiff
> Hello Products LLC
>
> By:  */s/ Thomas P. Scrivo*
>       Thomas P. Scrivo

Dated:  September 11, 2020