**RAUCHWAY LAW**
Marisa Rauchway Sverdlov
195 Fairfield Avenue, #4D
West Caldwell, New Jersey 07006
Telephone:  (973) 826-4098
mrauchway@rauchwaylaw.com

**CHATHAM LAW GROUP**
Christopher Chatham (*pro hac vice* application forthcoming)
2046 Hillhurst Ave.
Los Angeles, California 90027
Telephone:  (213) 277-1800
chris@chathamfirm.com

**HUESTON HENNIGAN LLP**
Douglas J. Dixon (*pro hac vice* application forthcoming)
Allison L. Libeu (*pro hac vice* application forthcoming)
620 Newport Center Drive, Suite 1300
Newport Beach, California 92660
Telephone:  (949) 229-8640
ddixon@hueston.com
alibeu@hueston.com

*Attorneys for Defendant and Counterclaimant*
*Unconditional Love Inc. d/b/a Hello Bello*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELLO PRODUCTS, LLC,<br><br>        Plaintiff,<br>vs.<br><br>UNCONDITIONAL LOVE INC.,<br><br>        Defendant. | CA No. 2:20-cv-12618-KM-JBC<br><br><br>**ANSWER, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL** |

Defendant/Counterclaimant Unconditional Love Inc. d/b/a Hello Bello ("Hello Bello") answers Plaintiff/Counter-Defendant Hello Products, LLC's ("Hello Products") Complaint as follows.

## GENERAL DENIAL

Hello Bello denies each and every allegation contained in the Complaint, except as expressly admitted below. To the extent paragraphs in the Complaint are grouped under headings, Hello Bello responds generally that such headings and groupings are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings. The first unnumbered paragraph on page 2 of the Complaint is a characterization of the Complaint to which no response is required. To the extent a response is required, Hello Bello denies the allegations in the first unnumbered paragraph on page 2. Hello Bello's specific responses to the numbered allegations are set forth below.

## NATURE OF THE ACTION

1.     Hello Bello is without sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 1 and, on that basis, denies them. Hello Bello denies the remaining allegations in paragraph 1.

2.     Hello Bello admits that in 2019 it launched a line of cruelty-free products for babies and children under the brand "Hello Bello" and that Hello Bello

- 2 -

uses carefully crafted, premium ingredients. Hello Bello denies the remaining allegations in paragraph 2.

3.    Hello Bello denies the allegations in paragraph 3.

4.    Paragraph 4 states legal contentions as to which no response is required. To the extent a response is required, Hello Bello denies the allegations in paragraph 4.

## PARTIES

5.    Hello Bello admits the allegations in paragraph 5, upon information and belief.

6.    Hello Bello admits the allegations in paragraph 6.

## JURISDICTION AND VENUE

7.    Paragraph 7 states legal contentions as to which no response is required.

8.    Paragraph 8 states legal contentions as to which no response is required.

## FACTUAL ALLEGATIONS

9.    Hello Bello is without sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 9 and, on that basis, denies them. Hello Bello denies the remaining allegations in paragraph 9.

10.    Hello Bello is without sufficient knowledge or information to admit or deny the allegations in paragraph 10 and, on that basis, denies them.

11.    Hello Bello is without sufficient knowledge or information to admit or deny the allegations in paragraph 11 and, on that basis, denies them.

12.    Hello Bello is without sufficient knowledge or information to admit or deny the allegations in paragraph 12 and, on that basis, denies them.

13.    Hello Bello is without sufficient knowledge or information to admit or deny the allegations in paragraph 13 and, on that basis, denies them.

14.    Hello Bello is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 and, on that basis, denies them.

15.    Hello Bello admits that Hello Products claims ownership of certain trademark registrations, but Hello Bello denies that those trademark registrations are valid or enforceable. Hello Bello is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 15 and, on that basis, denies them.

16.    Hello Bello admits that Hello Products has certain trademark applications pending before the United States Patent and Trademark Office, but Hello Bello denies that those applications are properly filed or that the trademark registrations would be valid or enforceable. Hello Bello is without sufficient knowledge or information to admit or deny the other allegations in paragraph 16 and, on that basis, denies them.

5840987

17.    Paragraph 17 states legal contentions as to which no response is required. To the extent a response is required, Hello Bello denies the allegations in paragraph 17.

18.    Hello Bello denies the allegations in paragraph 18.

19.    Hello Bello denies the allegations in paragraph 19.

20.    Hello Bello admits that it began selling products under the "Hello Bello" brand name in 2019. Hello Bello denies the remaining allegations in paragraph 20.

21.    Hello Bello denies the allegations in paragraph 21.

22.    Hello Bello admits that it carefully crafts its products using thoughtfully-chosen ingredients that are eco-friendly and cruelty-free. Certain allegations in paragraph 22 purport to quote or describe portions of unidentified documents; Hello Bello states that those documents speak for themselves, and Hello Bello denies the allegations to the extent that they incorrectly characterize the documents, misstate their applicability to this case, or take any portions out of context. Hello Bello denies the remaining allegations in paragraph 22.

23.    Hello Bello admits that its products are currently sold online through Hello Bello's website and Amazon as well as through national retailers, including CVS and Walmart. Hello Bello is without sufficient knowledge or information to

admit or deny the remaining allegations in paragraph 23 and, on that basis, denies them.

24.     Hello Bello denies the allegations in paragraph 24.

25.     Hello Bello denies the allegations in paragraph 25.

26.     Hello Bello is without sufficient knowledge or information to admit or deny whether Hello Products has received communications relating to consumers and, on that basis, denies the allegation. Hello Bello denies the remaining allegations in paragraph 26.

27.     Hello Bello is without sufficient knowledge or information to admit or deny the allegations in paragraph 27 and, on that basis, denies them.

28.     Hello Bello admits that its website links to a USA TODAY article; Hello Bello states that the article speaks for itself, and Hello Bello denies the allegations in paragraph 28 to the extent that they incorrectly characterize the article, misstate its applicability to this case, or take any portions out of context. Hello Bello denies the remaining allegations in paragraph 28.

29.     Hello Bello denies the allegations in paragraph 29.

30.     Hello Bello admits the allegations in paragraph 30.

31.     Hello Bello admits that Hello Products filed notices of opposition against certain of Hello Bello's trademark applications. Hello Bello denies the remaining allegations in paragraph 31.

5840987

32.     Hello Bello denies the allegations in paragraph 32.

33.     Hello Bello denies the allegations in paragraph 33.

## COUNT I

**Trademark Infringement Under Section 32(a) of the Lanham Act
(15 U.S.C. § 1114(a))**

34.     Hello Bello incorporates each of its responses to paragraphs 1 through 33 as though fully set forth herein.

35.     Hello Bello denies the allegations in paragraph 35.

36.     Hello Bello denies the allegations in paragraph 36.

37.     Hello Bello denies the allegations in paragraph 37.

38.     Hello Bello denies the allegations in paragraph 38.

39.     Hello Bello denies the allegations in paragraph 39.

40.     Hello Bello denies the allegations in paragraph 40.

41.     Hello Bello denies the allegations in paragraph 41.

42.     Hello Bello denies the allegations in paragraph 42.

43.     Hello Bello denies the allegations in paragraph 43.

44.     Hello Bello denies the allegations in paragraph 44.

5840987

## COUNT II

**Trademark Infringement, False Designation of Origin and Unfair
Competition Under Section 43(a)(1)(A) of the Lanham Act
(15 U.S.C. § 1125(a)(1)(A))**

45.      Hello Bello incorporates each of its responses to paragraphs 1 through
44 as though fully set forth herein.

46.      Hello Bello admits that it uses the "Hello Bello" brand name. Hello
Bello denies the remaining allegations in paragraph 46.

47.      Hello Bello denies the allegations in paragraph 47.

48.      Hello Bello denies the allegations in paragraph 48.

49.      Hello Bello denies the allegations in paragraph 49.

50.      Hello Bello denies the allegations in paragraph 50.

51.      Hello Bello denies the allegations in paragraph 51.

52.      Hello Bello denies the allegations in paragraph 52.

## COUNT III

**Statutory Unfair Competition (N.J. Stat. Ann. § 56:4-1 *et seq*.)**

53.      Hello Bello incorporates each of its responses to paragraphs 1 through
52 as though fully set forth herein.

54.      Hello Bello denies the allegations in paragraph 54.

55.      Hello Bello denies the allegations in paragraph 55.

56.      Hello Bello denies the allegations in paragraph 56.

5840987

## COUNT IV

### Common Law Unfair Competition

57.     Hello Bello incorporates each of its responses to paragraphs 1 through 56 as though fully set forth herein.

58.     Hello Bello denies the allegations in paragraph 58.

59.     Hello Bello denies the allegations in paragraph 59.

60.     Hello Bello denies the allegations in paragraph 60.

## COUNT V

### New Jersey Common Law Trademark Infringement

61.     Hello Bello incorporates each of its responses to paragraphs 1 through 60 as though fully set forth herein.

62.     Hello Bello denies the allegations in paragraph 62.

63.     Hello Bello denies the allegations in paragraph 63.

64.     Hello Bello denies the allegations in paragraph 64.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Hello Bello, and without admitting that Hello Products has suffered any loss, damage, or injury, Hello Bello alleges the following affirmative defenses to the Complaint. By designating the following as affirmative defenses, Hello Bello does not in any way waive or limit any defenses that are or may be raised by its denials, allegations, and averments set forth herein. Certain affirmative defenses are asserted for completeness and refer to

facts and proof which also negate required elements of Hello Products' claims. By raising such defenses, Hello Bello does not suggest that Hello Products does not have the burden of proof for any or all facts underlying any of those defenses or that Hello Products is not required to carry the burden as to such elements. Hello Bello reserves all rights to allege additional defenses, including affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

65.    Hello Products' Complaint and every purported cause of action therein fails to allege sufficient facts to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### Laches

66.    Hello Products' causes of action are barred, in whole or in part, by the equitable doctrine of laches insofar as Hello Products delayed in filing suit and such delay has resulted in prejudice to Hello Bello.

## THIRD AFFIRMATIVE DEFENSE

### Lack of Damages

67.    For every cause of action alleged in the Complaint, Hello Products has not been damaged in any sum or sums, or otherwise, at all, by reason of any act or omission by Hello Bello.

5840987

## FOURTH AFFIRMATIVE DEFENSE

### Speculative Damages

68.     For every cause of action alleged in the Complaint, Hello Products' claim for damages caused by Hello Bello, if any exist, are too speculative and uncertain to be awarded.

## FIFTH AFFIRMATIVE DEFENSE

### Invalidity of Asserted Trademarks—Functionality

69.     Some or all of the purported trademarks asserted against Hello Bello are invalid because they are aesthetically functional and informational. These invalid trademarks cannot serve as the basis for any cause of action asserted in Hello Products' Complaint and are subject to cancellation before the United States Patent and Trademark Office.

## SIXTH AFFIRMATIVE DEFENSE

### Invalidity of Asserted Trademarks—General

70.     Some or all of the purported trademarks asserted against Hello Bello are invalid, cannot serve as the basis for any cause of action asserted in Hello Products' Complaint, and are subject to cancellation before the United States Patent and Trademark Office.

5840987

## SEVENTH AFFIRMATIVE DEFENSE

### Lack of Prior Rights

71.     Hello Products does not have any prior trademark rights in any of Hello Bello's current product markets because Hello Bello's products and Hello Products' products are not related.

## EIGHTH AFFIRMATIVE DEFENSE

### Non-Infringement—No Likelihood of Confusion

72.     Hello Bello has not infringed any of Hello Products' asserted trademark rights because there is no likelihood of consumer confusion between Hello Bello's products and Hello Products' products.

## NINTH AFFIRMATIVE DEFENSE

### Non-Infringement—Non-Use of Asserted Trademarks

73.     Hello Bello has not infringed any of Hello Products' asserted trademark rights because Hello Bello does not use any protectable element of Hello Products' asserted trademarks.

## TENTH AFFIRMATIVE DEFENSE

### Unclean Hands/Inequitable Conduct

74.     Hello Products' Complaint and every cause of action therein is barred because Hello Products has unclean hands based on its own wrongdoing with respect to the matters which are the subject of the Complaint. The equitable remedies sought

in the Complaint are barred because Hello Products has not done equity and therefore is barred from seeking equity.

## ELEVENTH AFFIRMATIVE DEFENSE

### Adequacy of Remedy at Law

75.     The equitable causes of action asserted by Hello Products in its Complaint are barred because Hello Products has an adequate remedy at law for each cause of action.

## TWELFTH AFFIRMATIVE DEFENSE

### Estoppel

76.     Hello Products' Complaint and every cause of action therein is barred to the extent that Hello Products has relied on affirmative representations fundamentally contradicting and invalidating those causes of action to the detriment of Hello Bello under circumstances that equitably require Hello Products to be estopped from asserting those causes of action in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Waiver

77.     Hello Products' Complaint and every cause of action therein is barred to the extent that Hello Products has, by conduct, representations, or omissions, waived, relinquished, and/or abandoned any claim for relief against Hello Bello respecting the matters which are the subject of the Complaint.

5840987

## ADDITIONAL AFFIRMATIVE DEFENSES

78.   Hello Bello has insufficient knowledge and information upon which to form a belief as to whether additional affirmative defenses may be available. Hello Bello reserves the right to assert additional affirmative defenses in the event that discovery or other events during the course of litigation indicate that it is appropriate to do so.

## COUNTERCLAIMS

Defendant/Counterclaimant Unconditional Love Inc. d/b/a Hello Bello ("Hello Bello"), by and through its undersigned counsel, asserts Counterclaims against Counter-Defendant Hello Products, LLC ("Hello Products") as follows.

79.   Hello Bello is the owner of the highly valuable and widely recognized "Hello Bello" brand of baby and family products. Hello Bello brings these counterclaims against Hello Products to prevent Hello Products from illegitimately hindering competition by asserting the exclusive right to use the ubiquitous word "hello" in certain product areas. Hello Products' claimed dominion over the word "hello" defies common sense and turns trademark law on its head. Indeed, as Hello Products itself has recognized, the idea of asserting exclusive trademark rights to a common greeting like "hello" is "crazy."

80.   "Hello" is the most common greeting in the English language. For decades, companies have used the word as a way to communicate with consumers.

The use of the word "hello" on product packaging and advertising functions as a friendly greeting meant to attract attention to the product without regard to its origin. Standing alone, "hello" does not indicate a source of goods to consumers. Accordingly, Hello Products' purported trademarks to the word "hello"—both its common law trademarks and its registered marks—are invalid and unenforceable because they do not function as a trademark when used on advertising or product packaging.

81.     By asserting the exclusive right to the word "hello," Hello Products seeks to weaponize trademark law to improperly enrich itself, stifle competition, and gain an unfair competitive edge that is not based on any reputational value. To prevent these vexatious and anticompetitive practices, Hello Bello seeks to cancel the registrations of Hello Products' registered marks that consist of the word "hello." Hello Bello also seeks a declaration that all of Hello Products' trademarks that consist of the word "hello" are invalid and unenforceable and that Hello Bello has not infringed any valid trademarks belonging to Hello Products, as well as an injunction prohibiting Hello Products from asserting any such purported trademark rights.

## **PARTIES**

82.     Counterclaimant Unconditional Love Inc. d/b/a Hello Bello is a corporation organized and existing under the laws of the State of Delaware, with its

- 15 -

principal place of business at 17383 Sunset Blvd., Suite B200, Pacific Palisades, California 90272.

83.     Upon information and belief, Counter-Defendant Hello Products, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 363 Bloomfield Avenue, Suite 2D, Montclair, New Jersey 07042.

## JURISDICTION AND VENUE

84.     This Court has subject matter jurisdiction over all claims presented in the Counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

85.     This Court has personal jurisdiction over Hello Products because Hello Products is headquartered in Montclair, New Jersey and has purposely availed itself of the benefits and protections of the State of New Jersey and of this Court including, without limitation, by initiating and prosecuting the original action in the above-captioned case. Moreover, venue is appropriate in this Court because Hello Products initiated its suit in this Court.

## BACKGROUND FACTS

I.   **Hello Bello Builds a Brand of Premium and Affordable Baby Products**

86.     Hello Bello believes all babies deserve the best. Hello Bello's mission is to provide all parents with access to affordable, premium baby products. Hello Bello carefully crafts all of its products with babies, parents, and the planet in mind. Hello Bello prioritizes safe and effective ingredients and takes steps to shrink its

eco-footprint throughout its line of products, all while keeping everything at low prices.

87.     Hello Bello was founded in 2018. Hello Bello's co-founders chose the name "Hello Bello" due to its personal connection to their family. Because one of the founders' last names is "Bell" and their daughters share "Bell" as a middle name, the co-founders often greet them with the phrase "Hello, Bello!" The Hello Bello logo represents the duality of parenting: the "Hello" portion is written in an upward trajectory and the "Bello" portion is written in a downward trajectory, signifying the very rewarding and fulfilling parts of parenting and simultaneously the difficult aspects of parenting, with the rectangular border bringing both elements together.

88.     Hello Bello has one simple goal: to eliminate the choice many parents have to make between what is best for their kids and what is best for their budget. Hello Bello's baby and family care products include diapers, baby wipes, diaper rash cream, baby powder, gentle shampoo and body wash, vitamins, and other baby products. From the moment Hello Bello products appeared in stores, consumers were attracted by their quality and affordability. Through hard work and commitment to the brand's core values, Hello Bello has experienced phenomenal success, selling tens of millions of products to families across the country and quickly building a devoted fanbase.

89.    Hello Bello first began selling diapers and wipes around February 2019, ultimately becoming Walmart's best-selling natural diaper brand. Today, Hello Bello is Walmart's #2 Baby Toiletries Brand that includes natural ingredients. In addition to Walmart, Hello Bello products are available on Hello Bello's website, on Amazon.com, and at other major retailers, including CVS, Walgreens, Kohl's, Albertsons, Hy-Vee, and Meijer.

90.    Hello Bello's disposable diapers are particularly loved. The plant-derived, cutting-edge core contains a specially designed, super-absorbent material that quickly locks wetness away in bubbles of leakage protection. The inner and outer layers are super soft with a cloth-like feel and snug fit for supreme comfort. And they are made for the most sensitive skin—without lotions, fragrance, phthalates, or latex. Plus, Hello Bello diapers are available in dozens of delightful designs with new ones released each season. For example, designs for Halloween 2020 included "Spook-a-boo" and "Corny Cuties":

5840987




91.   In addition, Hello Bello offers a wide variety of baby and kids products made with high-quality, safe ingredients that are chosen with the unique needs of families and children in mind. For example, Hello Bello's plant-based baby wipes are hypoallergenic and fragrance free, and they do not contain alcohol, phthalates, parabens, or formaldehyde donors. Similarly, Hello Bello's kid's shampoo and body wash uses coconut, marshmallow root, and aloe extracts to moisturize and nourish all hair types. And its diaper rash cream is formulated with plant-derived ingredients and certified organic ingredients to treat babies' sensitive skin. Hello Bello's premium products meet a wide range of needs faced by parents.

92.   Hello Bello's success has not gone unnoticed. The Hello Bello product line has received numerous accolades from a variety of publications. Soon after the brand's launch, Forbes described Hello Bello as a "wellness brand[] with a purpose" that "not only offer[s] a range of wellness products, but . . . will help to democratize

wellness for parents of all incomes by driving down costs[.]" *Available at* https://www.forbes.com/sites/stevenbarr/2019/04/02/wellness-brands-achieving-growth-through-purpose-and-innovation/#6d0e3ddf6a88. Earlier this year, New York Magazine's The Strategist blog named Hello Bello diapers as the "[b]est subscription diapers." *Available at* https://nymag.com/strategist/article/best-diapers.html. More recently, the popular pregnancy website The Bump chose Hello Bello's plant-based baby wipes (shown below) as its "Best of Baby Winner," praising the product as "an outstanding option that's half the price of other leading brands." *Available at* https://www.thebump.com/a/best-of-baby-winner-baby-wipes-2020. Hello Bello's products have been featured on a variety of other media sources and television programs, including E!, Forbes, People, POPSUGAR, USA Today, Reader's Digest, TODAY, Dr. Phil, and The Ellen DeGeneres Show.



93.    Hello Bello received similar attention after launching in Canada. Among other things, Hello Bello has garnered more than 80 million media impressions and has been featured in top-tier Canadian national and local broadcast, print, and online outlets, including The Globe and Mail, National Post, Today's Parent, Elle Canada, FASHION Magazine, eTalk, ET Canada, The Marilyn Denis Show, Cityline, and The Social.

94.    To protect its brand, Hello Bello sought to register its trademarks. It filed its first trademark application on June 7, 2018 (No. 87953005). Thereafter, Hello Bello filed additional applications to cover its product lines. Hello Bello's relevant trademark applications are as follows:

| No. | Mark | Description |
|---|---|---|
| 87,953,005 |  | Date: June 7, 2018<br><br>Goods and Services: baby hand soap; baby lotion; baby powder; baby wipes; bath soaps; body lotion; body oil; body wash; bubble bath; cleaning preparations for household purposes; hair conditioner; laundry detergent; non-medicated diaper rash cream; non-medicated hand soaps; shampoos; skin lotion; spray cleaners for use on household purposes; sun-block lotions; sun-tanning oils and lotions; wipes impregnated with a cleaning preparation; Antibacterial hand |

| No. | Mark | Description |
| --- | --- | --- |
| | | soaps; Baby diapers; Baby food; Hand-sanitizing preparations; Infant formula |
| 88,648,105 | HELLO BELLO | Date: October 9, 2019<br><br>Goods and Services: Hand-sanitizing preparations; Baby diapers; Insect repellent; Gummy vitamins; Prenatal vitamins; Dietary and nutritional supplements containing fish oil. |
| 88,648,119 | HELLO BELLO | Date: October 9, 2019<br><br>Goods and Services: Baby powder; Baby wipes impregnated with cleaning preparations; Bath soaps; Body lotion; Baby oil; Body wash and shampoo; Hair detangler preparations; Body oil; Bubble bath; Bath bombs; Hair conditioner; Laundry detergent; Non-medicated diaper rash cream; Sun block lotions; Wipes impregnated with a cleaning solution. |

| No. | Mark | Description |
|---|---|---|
| 88,675,668 | **hello bello** | Date: October 31, 2019<br><br>Goods and Services: Retail store services featuring a wide variety of consumer goods, namely, eco-friendly baby products, baby bath products, baby diaper products, baby body care products, household cleaning products, hand-sanitizing preparations, insect repellent, vitamins and dietary and nutritional supplements; Providing consumer product information via the Internet or other communications networks; Computerized on-line ordering services featuring a wide variety of consumer goods, namely, eco-friendly baby products, baby bath products, baby diaper products, baby body care products, household cleaning products, hand-sanitizing preparations, insect repellent, vitamins and dietary and nutritional supplements. |
| 88,675,675 | HELLO BELLO | Date: October 31, 2019<br><br>Goods and Services: Retail store services featuring a wide variety of consumer goods, namely, eco-friendly baby products, baby bath products, baby diaper products, baby body care products, household cleaning products, hand-sanitizing preparations, insect repellent, vitamins and |

- 23 -

| No. | Mark | Description |
|---|---|---|
| | | dietary and nutritional supplements; Providing consumer product information via the Internet or other communications networks; Computerized on-line ordering services featuring a wide variety of consumer goods, namely, eco-friendly baby products, baby bath products, baby diaper products, baby body care products, household cleaning products, hand-sanitizing preparations, insect repellent, vitamins and dietary and nutritional supplements. |
| 88,921,738 | HELLO BELLO | Date: May 18, 2020<br><br>Goods and Services: Infant clothing, namely, infant bodysuits, infant pants. |
| 88,921,741 | HELLO BELLO | Date: May 18, 2020<br><br>Goods and Services: Backpacks; Bags; Diaper Bags |
| 88,921,792 | HELLO BELLO | Date: May 18, 2020<br><br>Goods and Services: Infant formula; food for infants; antibacterial hand soaps |
| 88,921,938 | HELLO BELLO | Date: May 18, 2020<br><br>Goods and Services: Lip balm; Bath bombs |

| No. | Mark | Description |
|---|---|---|
| 88,921,944 | HELLO BELLO | Date: May 18, 2020<br><br>Goods and Services: Window cleaning preparations for household use; Bathroom cleaning preparations for household use; Floor cleaning preparations for household use; Cleaning preparations for household use; Multi-surface household cleaning preparations; Multi-surface spray cleaning preparations for household use; Laundry stain removers; Non-medicated hand soap; Dishwashing preparations; Dishwashing detergents; Automatic dishwashing detergent pods; Massage oil; Baby lotion; Aloe vera spray for cosmetic purposes; SPF sun block spray; Non-medicated balm for use on the chest in the nature of a chest rub stick; Non-medicated nipple balm stick |
| 88,922,052 | HELLO BELLO | Date: May 18, 2020<br><br>Goods and Services: Gift wrap paper |
| 88,922,054 | HELLO BELLO | Date: May 18, 2020<br><br>Goods and Services: Cloth used for wrapping goods |

- 25 -

## II.    **Hello Products Attempts to Harass and Intimidate Hello Bello**

95.     As Hello Bello has grown, the brand has attracted attention from other companies envious of Hello Bello's runaway success. One such company, Hello Products, sells toothpaste and other oral care products. Despite not competing in the baby care space, in September 2020, Hello Products began filing notices of opposition to Hello Bello's trademark applications, including Nos. 87953005 ("the '005 application"), 88684105 ("the '105 application"), 88648119 ("the '119 application"), 88675668 ("the '668 application"), 88675675 ("the '675 application"), 88921938 ("the '938 application"), and 88921944 ("the '944 application").

96.     Hello Products opposed Hello Bello's trademarks for "Hello Bello," and filed the above-captioned infringement action, based on the absurd notion that Hello Products has the exclusive right to use the word "hello" in certain product areas. Even if Hello Products did have valid trademarks, Hello Bello does not compete with Hello Products. For this and other reasons, there is no likelihood of confusion between Hello Products and any of Hello Bello's marks, and the claims asserted by Hello Products fail. Hello Bello reserves all rights, arguments, and defenses with respect to these claims. In addition, Hello Bello brings these counterclaims because Hello Products' purported trademarks are not valid in the first instance, and thus are not a proper basis for any claim against Hello Bello.

97.    Hello Products' use of the word "hello" as a purported trademark upends the purposes of trademark law. The primary benefit that Hello Products receives from use of the word "hello" is not that the mark allows consumers to identify a brand that has independently developed a reputation. Instead, Hello Products has sought to take advantage of the linguistic function of the word "hello" as a friendly greeting to gain unmerited attention for its products and, more importantly, to attempt to preclude other companies from using the word "hello" to similarly greet potential consumers.

98.    Hello Products itself has effectively recognized that its registration of the word "hello" represents an attempt to profit on the word's ubiquity and that the company was able to register this trademark due to the cleverness of its attorneys, not the genuine use of the word as a legitimate trademark. In the "Frequently Asked Questions" portion of Hello Products' website, the Company includes the question, "is it true you trademarked hello?" As reflected below, the Company's answer is "yes, we did. hello is a registered trademark now. crazy, right? big ups to our trademark and IP legal counsel, you all rock." Crazy, indeed.

is it true you trademarked hello?                                      ^

yes, we did. hello is a registered trademark now. crazy, right? big ups to our trademark and IP legal counsel, you all rock.

99.    Similarly, in a recent interview, Hello Products' founder Craig Dubitsky gleefully acknowledged that Hello Products' purported trademark of a

generic greeting like "hello" defies consumer expectations as well as common sense. Mr. Dubitsky told the New Jersey Tech Council, "When it came time to name our product, I thought, 'What's the friendliest word I can think of?' It was 'hello,' and I trademarked the word all over the world for the relevant categories. People were like, 'You can't do that,' and I said, 'Well, I did.'" *Available at* https://njtechweekly.com/montclair-entrepreneur-dubitsky-who-sold-hello-products-to-colgate-talks-about-entrepreneurship-during-njtc-webinar/.

100.  Hello Products' marketing campaigns also center around the fact that its asserted trademark functions as a greeting. For example, on its social media pages, the company places a registered trademark symbol next to the word "hello" even when the word is used in a sentence, as when the company asks consumers to "say hello® to a new kind of oral care[.]"



101.   Similarly, the function of the word "hello" as a greeting is readily apparent in a Hello Products' advertisement titled "What's In Your Toothpaste?" *Available at* https://www.youtube.com/watch?v=yALrFpURtcc. In the video, a talking cartoon tooth says that nobody stopped to think about the ingredients in toothpaste, "until someone did." Then, a cartoon rabbit pops out from behind a bathroom mirror and says "hello" to a family brushing its teeth. The talking tooth then responds, "That's right, 'hello' did." The ad then ends with the phrase "say hello to hello." The video's puns highlight the essential issue: the word "hello" functions and is perceived primarily as a friendly greeting, not as an indication of the product's source.

102.   Hello Products has registered purported trademarks covering the word "hello" in several specific product categories. Hello Products has also registered purported trademarks covering a stylized version of the word "hello" that disconnects the bottom portion of the letter "e" and lowers the letter "e" slightly relative to the other letters (to represent a face with a smile that further reinforces Hello Products' primary category—oral care). As relevant here, Hello Products' registered marks include the following:

5840987

| No. | Mark | Description |
|---|---|---|
| 4,384,201 | HELLO | Registration Date: August 13, 2013<br><br>Goods and Services: Mouthwash, breath mints for use as a breath freshener, breath freshener, toothpaste, breath freshening confectionery, namely, breath mints [ and gum ], non-medicated mouth rinse. |
| 4,408,644 | hello | Registration Date: September 24, 2013<br><br>Goods and Services: Mouthwash, [breath freshening sprays, breath mints for use as a breath freshener,] breath freshener, toothpaste, [breath freshening confectionery, namely, breath mints and gum;] non-medicated mouth rinse. |
| 4,983,414 | hello | Registration Date: June 21, 2016<br><br>Goods and Services: Toothbrushes. |
| 4,998,456 | HELLO | Registration Date: July 12, 2016<br><br>Goods and Services: Mouthwash, breath freshening sprays, breath mints for use as a breath freshener, breath freshener, toothpaste, breath freshening confectionery, namely, breath mints, candy and gum; non-medicated mouth rinse. |

| No. | Mark | Description |
| --- | --- | --- |
| 5,710,107 | HELLO | Registration Date: March 26, 2019<br><br>Goods and Services: Dental floss. |
| 5,710,108 | hello | Registration Date: March 26, 2019<br>Goods and Services: Dental floss. |
| 5,991,883 | hello | Registration Date: February 18, 2020<br><br>Goods and Services: Medicated mouthwash, medicated toothpaste, medicated mouth rinse. |
| 5,991,885 | HELLO | Registration Date: February 18, 2020<br><br>Goods and Services: Medicated mouthwash, medicated toothpaste, medicated mouth rinse. |

103. Hello Products also has applied for several similar marks, including, without limitation, Nos. 88771114 ("the '114 application"), 88657943 ("the '943 application"), 87470718 ("the '718 application"), 88771099 ("the '099 application"), 88657952 ("the '952 application"), and 87470712 ("the '712 application").

- 31 -

5840987

III.   **The Word "Hello" Functions as a Friendly Greeting, Not a Trademark**

104.   As Hello Products itself has recognized, asserting a purported trademark in the most common greeting in the English language is "crazy." Claiming the right to preclude others from using that word is even crazier. As with virtually all common words and phrases, the word "hello" standing alone functions to impart information—specifically, a greeting or generalized attempt to draw attention—rather than identifying the source of the goods on which the word "hello" is used.

105.   The use of "hello" in commerce and advertising is commonplace. Indeed, use of the word "hello" in advertising is so prevalent across all product areas that the New York Times reported on the phenomenon as early as 2007. In an article titled "Madison Avenue Says Hello to 'Hello' Again" (*available at* https://www.nytimes.com/2007/05/24/business/media/24adco.html), the New York Times noted the pervasiveness of advertising campaigns "using the greeting 'Hello' as a way to attract consumer attention."

106.   To explain the word's popularity, the article quoted one advertising executive who said that although "hello" was "pretty overused," the word functioned "as a 'pay attention to me' thing" because "we're hard-wired to look up when someone says 'hello.'" Another executive, echoing Hello Products' founder Craig Dubitsky's own explanation for choosing the word, described "hello" as "kind of a nice salutation, a friendly way of introducing yourself." Yet another stated that, "just

as 'Hello' is a way to greet someone you don't know, this is a way to greet the [brand] you don't know."

107.   The repetitious use of the word "hello" in advertising is not a recent trend. As featured in the New York Times article, Apple introduced the Macintosh computer in 1984 with ads showing the computer with the stylized word "hello" displayed on its screen.



108.   The New York Times article confirms what common sense and reasonable usage make clear—reasonable consumers do not interpret the word "hello" standing alone as an indication of the source of the goods in question. Instead, the word performs a specific function by conveying a message of greeting or a generalized appeal for attention. This is true not only of the non-stylized word "hello" but also of the stylized version that Hello Products claims as a trademark. The subtle stylization of the word conveys the same basic greeting in a different font.

Whether stylized or not, the word "hello" standing alone functions and is perceived as conveying a common greeting or generalized appeal for attention rather than an indication of the product's source of origin.

109.   Because it is informational and functional rather than a designation of origin, the word "hello" standing alone is not a valid trademark. Instead, it is a popular linguistic phrase that competitive policy dictates should be available to all market participants. For these reasons, Hello Products' existing registrations for its purported marks should be cancelled. A judicial declaration should also be entered declaring that Hello Products' marks are invalid and that Hello Bello has not committed trademark infringement, and an injunction should be entered prohibiting Hello Products from asserting any such purported trademark rights.

## COUNT ONE

### CANCELLATION OF REGISTRATION NOS. 4384201, 4408644, 4983414, 4998456, 5710107, 5710108, 5991883, and 5991885 — 15 U.S.C. §§ 1064, 1119

110.   Hello Bello hereby realleges and incorporates by reference paragraphs 79 through 109 as if fully set forth herein.

111.   Hello Products has asserted the purported trademarks bearing registration numbers 4384201 ("the '201 registration"), 4408644 ("the '644 registration"), 4983414 ("the '414 registration"), 4998456 ("the '456 registration"), 5710107 ("the '107 registration"), 5710108 ("the '108 registration"), 5991883 ("the '883 registration"), and 5991885 ("the '885 registration") as the basis for a

trademark infringement suit against Hello Bello. Hello Products also has asserted the '201,'644, '414, '456, '107, '108, '883, and '885 registrations as the basis for opposition to Hello Bello's own trademark applications before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO").

112.   Hello Bello is and will continue to be damaged by the '201, '644, '414, '456, '107, '108, '883, and '885 registrations. Among other things, Hello Bello is named as a defendant in the present lawsuit in which Hello Products alleges that Hello Bello infringes Hello Products' rights in these trademarks. Many of these trademarks also are asserted before TTAB as grounds for denial of registration of Hello Bello's trademarks.

113.   To be registrable, words must be used in a manner to indicate to consumers that there is a single source or origin for the goods. A designation that does not function as a trademark is not capable of being registered as a trademark. Pursuant to 15 U.S.C. Sections 1052 and 1064, any purported trademark, regardless of status or date of registration, is subject to cancellation if it comprises any functional matter. The '201, '644, '414, '456, '107, '108, '883, and '885 registrations are subject to cancellation because each comprise matter that is functional.

114.   As described above in paragraph 102, the '201, '456, '107, and '885 registrations describe the word "hello" alone, without claim to any particular font style, size, or color, in various product categories.

115.   The word "hello" is part of the public lexicon. "Hello" functions and is perceived to convey a message in the form of a generalized greeting, rather than as an indication of the specific origin of a product. For that reason, "hello" is routinely used by merchants in all categories of goods and services, both verbally and in written form, to greet consumers and appeal for their attention. The word "hello" standing alone also is aesthetically functional because it adds to the appeal of the product by offering a "friendly greeting." Indeed, Hello Products has traded upon the functionality of the word "hello" in its own marketing.

116.   The '644, '414, '108, and '883 registrations describe the word "hello" in a stylized version that disconnects the bottom portion of the letter "e" and lowers the letter "e" slightly relative to the other letters. These subtle changes do nothing to change the functional nature of the word. Whether stylized or not, the word "hello" standing alone is, as a whole, aesthetically and otherwise functional and conveys a message of greeting rather than an indication of origin.

117.   The '201, '644, '414, '456, '107, '108, '883, and '885 registrations are invalid, unenforceable, and cancellable pursuant to 15 U.S.C. Sections 1119 and

1064 because the purported marks covered by the registrations are informational and functional, rather than serving as a designation of origin.

118.   Based on the foregoing, Hello Bello requests that pursuant to 15 U.S.C. Section 1119, the Court direct that the '201, '644, '414, '456, '107, '108, '883, and '885 be cancelled and stricken from the Principal Register of the USPTO.

## COUNT TWO

## DECLARATORY JUDGMENT OF INVALIDITY AND NONINFRINGEMENT — 28 U.S.C. § 2201

119.   Hello Bello hereby realleges and incorporates by reference paragraphs 79 through 118 as if fully set forth herein.

120.   Hello Products purports to own exclusive rights to the subject matter covered by Hello Products' registered marks—including the '201, '644, '414, '456, '107, '108, '883, and '885 registrations. Hello Products also purports to otherwise own certain exclusive trademark rights, whether through statute, common law, or otherwise, in the word "hello." Hello Products has asserted these purported rights as the grounds for its causes of action against Hello Bello for trademark infringement under Section 32(a) of the Lanham Act; trademark infringement, false designation of origin, and unfair competition under Section 43(a) of the Lanham Act; statutory unfair competition; common law unfair competition; and New Jersey common law trademark infringement. Each of these causes of action depends on the validity of

Hello Products' purported trademarks, and none of these causes of action can survive if these purported trademarks are invalid.

121.   An actual controversy has arisen and now exists between Hello Products, on the one hand, and Hello Bello, on the other hand, regarding the validity of any marks consisting of the subject matter covered by Hello Products' marks— including the '201, '644, '414, '456, '107, '108, '883, and '885 registrations and the '114, '943, '718, '099, '952, and '712 applications—and whether Hello Bello has infringed any valid trademarks belonging to Hello Products.

122.   Hello Bello contends the following:

   a. All purported trademarks consisting of the subject matter covered by Hello Products' registered marks, including the '201, '644, '414, '456, '107, '108, '883, and '885 registrations, are invalid and unenforceable;

   b. All trademark rights that Hello Products purports to have in the word "hello" are invalid and unenforceable, and Hello Products is not entitled to registration of any such marks, including any marks covered by the '114, '943, '718, '099, '952, and '712 applications; and

   c. Hello Bello has not infringed upon or violated any rights that Hello Products may have in any purported trademark, including without

5840987

limitation the '201, '644, '414, '456, '107, '108, '883, and '885 registrations.

123.  Hello Products contends otherwise.

124.  A judicial determination of these issues is necessary and appropriate at this time under the facts and circumstances alleged above, in order that Hello Bello and Hello Products may ascertain their respective rights, duties, and obligations with respect to Hello Products' purported trademarks.

## **PRAYER FOR RELIEF**

WHEREFORE, Hello Bello respectfully requests that this Court enter a Judgment and Order in Hello Bello's favor and against Hello Products on each and every claim set forth in the Complaint and Counterclaims as follows:

A.  Judgment in favor of Hello Bello and against Hello Products on the Complaint, that Hello Products takes nothing by the Complaint, and that the Complaint be dismissed with prejudice;

B.  Judgment in favor of Hello Bello and against Hello Products on the Counterclaims;

C.  An order that Hello Products' trademarks, including the '201, '644, '414, '456, '107, '108, '883, and '885 registrations, be cancelled and stricken from the Principal Register of the USPTO;

- 39 -

5840987

D.     A judicial declaration that all of Hello Products' purported trademarks consisting of the word "hello," including the '201, '644, '414, '456, '107, '108, '883, and '885 registrations, are invalid and unenforceable;

E.     A judicial declaration that all trademark rights that Hello Products purports to have in the word "hello" are invalid and unenforceable, and that Hello Products is not entitled to registration of any such marks, including those marks covered by the '114, '943, '718, '099, '952, and '712 applications;

F.     A judicial declaration that Hello Bello has not infringed upon or violated any rights that Hello Products may have in any purported trademark including, without limitation, in the '201, '644, '414, '456, '107, '108, '883, and '885 registrations;

G.     An injunction prohibiting Hello Products from seeking to enforce or assert any purported rights associated with Hello Products' purported trademarks consisting of the word "hello," including the '201, '644, '414, '456, '107, '108, '883, and '885 registrations, and prohibiting Hello Products from attempting to register the word "hello" as a trademark, including through the '114, '943, '718, '099, '952, and '712 applications;

H.   Recovery of Hello Bello's attorney's fees, costs, and expenses incurred in this action including, without limitation, pursuant to 15 U.S.C. § 1117;

I.   That the Court award Hello Bello pre-judgment and post-judgment interest; and

J.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Hello Bello demands trial by jury of all issues so triable in this action.

Dated: November 18, 2020

*/s/ Marisa Rauchway Sverdlov*
Marisa Rauchway Sverdlov
**RAUCHWAY LAW**
195 Fairfield Avenue, #4D
West Caldwell, New Jersey 07006
Telephone:  (973) 826-4098
mrauchway@rauchwaylaw.com

Christopher Chatham (*pro hac vice* application forthcoming)
**CHATHAM LAW GROUP**
2046 Hillhurst Ave.
Los Angeles, California 90027
Telephone:  (213) 277-1800
chris@chathamfirm.com

Douglas J. Dixon (*pro hac vice* application forthcoming)
Allison L. Libeu (*pro hac vice* application forthcoming)

- 41 -

**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, California 92660
Telephone:  (949) 229-8640
ddixon@hueston.com
alibeu@hueston.com
*Attorneys for Defendant and Counterclaimant*
*Unconditional Love Inc. d/b/a Hello Bello*

5840987

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, the undersigned attorneys for Defendant and Counterclaimant Unconditional Love Inc. d/b/a Hello Bello certify that, to the best of their knowledge, the matters in controversy in this federal action are not the subject of any other action pending in any court or of any arbitration or administrative proceeding, other than three matters currently before the Trademark Trial and Appeal Board (Opposition Nos. 91255416, 91256461, and 91264920) which have been suspended pending final disposition of this civil action, pursuant to TBMP 510.02(a). Additionally, Unconditional Love Inc. d/b/a Hello Bello has, simultaneously with the filing of this Answer and Counterclaims, filed oppositions before the Trademark Trial and Appeal Board to registrations Nos. 88/771099 and 88/771114, filed January 23, 2020, by Hello Products, LLC, which have not yet been assigned opposition numbers but will likely also be suspended pending final disposition of this civil action, pursuant to TBMP 510.02(a).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 18, 2020          /s/ Marisa Rauchway Sverdlov
                                   Marisa Rauchway Sverdlov
                                   **RAUCHWAY LAW**

5840987

195 Fairfield Avenue, #4D
West Caldwell, New Jersey 07006
Telephone:  (973) 826-4098
mrauchway@rauchwaylaw.com

Christopher Chatham (*pro hac vice*
application forthcoming)
**CHATHAM LAW GROUP**
2046 Hillhurst Ave.
Los Angeles, California 90027
Telephone:  (213) 277-1800
chris@chathamfirm.com

Douglas J. Dixon (*pro hac vice* application
forthcoming)
Allison L. Libeu (*pro hac vice* application
forthcoming)
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, California 92660
Telephone:  (949) 229-8640
ddixon@hueston.com
alibeu@hueston.com

*Attorneys for Defendant and Counterclaimant
Unconditional Love Inc. d/b/a Hello Bello*

5840987